JINA L. CHOI (N.Y. Bar No. 2699718)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
 lamarcas@sec.gov
DAVID S. JOHNSON (D.C. Bar No. 477298)
 johnsonds@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500 (telephone)
(415) 705-2501 (fax)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CIVIL CASE NO. 3:15-CV-01461-YGR (LB) |
| Plaintiff, | |
| v. | [PROPOSED] FINAL JUDGMENT BY CONSENT |
| ANDREW M. MILLER, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Andrew M. Miller having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XIII.); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rules 14a-3 and 14a-9 thereunder, 17 C.F.R. §§ 240.14a-3 & 240.14a-9, directly or indirectly, by use of the mails or the means or instrumentalities of interstate commerce or of any facility of a national securities exchange or otherwise, from soliciting or permitting the use of his name to solicit, any proxy or consent or authorization with respect to any security other than an exempted security registered pursuant to Exchange Act Section 12, including by soliciting proxies without required information or by use of proxy statements that contain any false or misleading statement as to any material fact, or that omit any material fact necessary to make the statements made not false or misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers,

1 agents, servants, employees, and attorneys; and (b) other persons in active concert or participation
2 with Defendant or with anyone described in clause (a) of this sentence.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly or recklessly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing a system of internal accounting controls, or knowingly falsifying any book, record or account required to be made and kept by Section 12(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a) and Rules 12b-20 and 13a-1 thereunder, 17 C.F.R. §§ 240.12b-20

& 240.13a-1, by knowingly or recklessly providing substantial assistance to an issuer that files with the Commission annual reports that contain misleading information, or that fail to include material information necessary to make the required statements not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by signing certifications required to be made and included in an issuer's annual or quarterly report, pursuant to Rule 13a-14 of the Exchange Act, that are false or misleading when made.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in clause (a) of this sentence.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable to pay disgorgement of $190,000, together with prejudgment interest thereon in the amount of $10,000.

1  Defendant shall satisfy this obligation by paying $200,000 within 120 days after entry of this Final
2  Judgment. Defendant may send his payment either to Polycom, Inc., provided that proof of such
3  payment is made within 120 days after entry of this Final Judgment in the form of photocopies of
4  evidence of payment and case identifying information delivered to the Commission's counsel in this
5  action, addressed to: Susan F. LaMarca, Securities and Exchange Commission, 44 Montgomery
6  Street, Suite 2800, San Francisco, CA 94104; alternatively, defendant may make his payment of
7  disgorgement with prejudgment interest within 120 days after entry of this Final Judgment directly to
8  the Securities and Exchange Commission, as provided in paragraph XI, below.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $250,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Defendant shall make this payment within 14 days after entry of this Final Judgment.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in making the payments to the Securities and Exchange Commission pursuant to either paragraph IX or paragraph X of this Final Judgment, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

1  and shall be accompanied by a letter identifying the case title, civil action number, and name of this
2  Court; Andrew M. Miller as a defendant in this action; and specifying that payment is made pursuant
3  to this Final Judgment.

4  Defendant shall simultaneously transmit photocopies of evidence of payment and case
5  identifying information to the Commission's counsel in this action, addressed to: Susan F. LaMarca,
6  Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San Francisco, CA 94104.
7  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in
8  such funds and no part of the funds shall be returned to Defendant. The Commission shall send the
9  funds paid pursuant to this Final Judgment to the United States Treasury.

10  The Commission may enforce the Court's judgment for disgorgement and prejudgment
11  interest by moving for civil contempt (and/or through other collection procedures authorized by law)
12  at any time after 120 days following entry of this Final Judgment. Defendant shall pay post judgment
13  interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XII.

15  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
16  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall
17  comply with all of the undertakings and agreements set forth therein.

## XIII.

19  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of
20  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the
21  allegations in the complaint are true and admitted by Defendant, and further, any debt for
22  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final
23  Judgment or any other judgment, order, consent order, decree or settlement agreement entered in
24  connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws
25  or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the
26  Bankruptcy Code, 11 U.S.C. §523(a)(19).

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: January 26, 2016

*[signature]*
Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*

IT IS SO ORDERED
*[signature]*
Judge Yvonne Gonzalez Rogers

Submitted by:

*[signature: Sus Flah]*

Susan F. LaMarca
David S. Johnson
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

Approved as to form by:

*[signature: Craig D. Martin / MPK]*

Craig D. Martin
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Attorneys for Defendant
Andrew M. Miller